IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Walter Sprouse, #120093, ) | |
| ) | C/A No. 0:04-1636-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Collie L. Rushton, Warden of MCCI; ) | |
| State of South Carolina; and Henry ) | |
| McMaster, Attorney General for ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner James Walter Sprouse is an inmate in custody of the South Carolina Department of Corrections who currently is housed at McCormick Correctional Institution in McCormick, South Carolina. Petitioner filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 28, 2004. Petitioner was given the benefit of a Houston v. Lack "delivery" date of May 19, 2004. See Houston v. Lack, 487 U.S. 266, 270-76 (1988).

This matter is before the court on motion for summary judgment filed by Respondents on August 20, 2004. Respondents assert, among other things, that the within § 2254 petition is barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d)(A). On August 24, 2004, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to the motion on September 1, 2004.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On December 6, 2004, the Magistrate Judge issued a Report and Recommendation in which he recommended that

Respondents' motion for summary judgment be granted and the § 2254 petition be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(A). Petitioner filed objections to the Report and Recommendation on December 17, 2004. The action was reassigned to the undersigned on April 11, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Petitioner's objections generally restate the contentions set forth in his § 2254 petition. However, Petitioner fails to direct the court's attention to any error in the Magistrate Judge's determination that a total of 558 days of non-tolled time passed from the date the one-year limitation's period commenced on June 12, 1998, and the filing of the § 2254 petition on May 19, 2004. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Accordingly, Respondents' motion for summary judgment is granted and the case

dismissed with prejudice as barred by the one-year limitations period set forth in § 2244(d)(A).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

April 19, 2006

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**